# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

MICHAEL SCHMITT,

        Petitioner-Appellant,

v.

DOUGLAS MAURER, Interim Field Director, Immigration and Customs Enforcement, and DEPARTMENT OF HOMELAND SECURITY,

        Respondents-Appellees.

No. 04-1436

## ORDER
Filed October 19, 2006

Before **LUCERO**, **BALDOCK**, and **McCONNELL**, Circuit Judges.

Appellant's petition for rehearing is granted in part for the purpose of modifying the previously filed opinion. The revised opinion, filed nunc pro tunc to June 20, 2006, is attached.

The petition for rehearing is otherwise denied.

Entered for the Court
Elisabeth A. Shumaker, Clerk

By:
    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL SCHMITT,

        Petitioner-Appellant,

v.

DOUGLAS MAURER, Interim Field
Director, Immigration and Customs
Enforcement, and DEPARTMENT OF
HOMELAND SECURITY,

        Respondents-Appellees.

No. 04-1436

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 04-N-1745 (CBS))**

---

Laura L. Lichter of Lichter & Associates, P.C., Denver, Colorado for Petitioner.

Kevin T. Traskos, Assistant United States Attorney (William J. Leone, Acting
United States Attorney with him on the briefs), Denver, Colorado for
Respondents.

---

Before **LUCERO**, **BALDOCK**, and **McCONNELL**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

    Michael Schmitt filed a petition for writ of habeas corpus under 28 U.S.C.

§ 2241 in the United States District Court for the District of Colorado,

challenging a final order to remove him on the ground that he had overstayed a visa issued under the Visa Waiver Program, 8 U.S.C. § 1187. After Mr. Schmitt was deported, the district court denied his habeas petition as moot. He appealed. Under the recently enacted REAL ID Act, we vacate the district court's decision, convert Mr. Schmitt's petition into a petition for review, and deny that petition for review because Mr. Schmitt was properly removable under the Visa Waiver Program.

## I. Facts and Procedural History

Mr. Schmitt is a citizen of Germany who legally entered the United States on April 14, 1999. He was admitted under the Visa Waiver Program, 8 U.S.C. § 1187, as a visitor for pleasure. The Visa Waiver Program allows aliens from designated countries to obtain expedited admission to the United States. *Id.* As part of the program, however, participants must agree to two conditions. First, they must be seeking admission as a nonimmigrant visitor for a period not exceeding 90 days. *Id.* § 1187(a)(1). Second, participants must waive any right "to contest, other than on the basis of an application for asylum, any action for removal of the alien." *Id.* § 1187(b)(2).

Mr. Schmitt signed the waiver, but overstayed his visa. During his stay in the United States, Mr. Schmitt married a United States citizen, Hollis Scoggin, and in 2001 the couple had a child. Sometime during the marriage, Ms. Scoggin filed an I-130 immediate relative petition to adjust Mr. Schmitt's status to that of

permanent resident. However, the I-130 petition was never approved and it is unclear whether it was denied, withdrawn, or deemed abandoned. Mr. Schmitt claims that Ms. Scoggins became abusive during the marriage, and the couple divorced in the spring of 2004. On July 16, 2004, the Denver office of Immigration and Customs Enforcement, an agency of the United States Department of Homeland Security, issued Schmitt an order directing that he be removed from the United States. The Order of Removal stated that he was authorized to remain in the United States only until April 14, 1999, and that he had "remained in the United States longer than authorized." App. 119. The Order of Removal also reminded Mr. Schmitt that he had waived his right "to contest any action for deportation, except to apply for asylum" because he was admitted under the Visa Waiver Program. *Id.* On July 26, 2004, Mr. Schmitt filed a self-petition as a spouse of an abusive United States citizen for classification as a permanent resident. Mr. Schmitt was taken into custody by the Department of Homeland Security in August 2004. On August 20, 2004, Mr. Schmitt filed a petition for writ of habeas corpus in the district court seeking an emergency stay prohibiting removal. The district court entered a temporary emergency stay of removal until August 26, 2004. However, on August 24, Mr. Schmitt asked the court to withdraw the temporary stay because "the parties ha[d] reached an interim agreement not to remove Petitioner on or before September 16, 2004." App. 39. Despite this agreement, Mr. Schmitt was removed on September

-3-

2, 2004. Because Mr. Schmitt was no longer in custody of the Department of Homeland Security, the district court dismissed Mr. Schmitt's habeas petition as moot. Mr. Schmitt filed a timely notice of appeal.

## II. Jurisdiction

Mr. Schmitt filed and briefed this case as a petition for writ of habeas corpus under 28 U.S.C. § 2241. On appeal, he challenged the district court's decision that his habeas petition was moot because he was no longer "in custody." At the time he filed his habeas petition, it was unclear whether district courts or courts of appeals had jurisdiction over habeas petitions filed by aliens challenging removal orders. *See Jordon v. Attorney Gen. of the United States*, 424 F.3d 320, 326 (3d Cir. 2005). However, while this appeal was pending before this Court, Congress passed the REAL ID Act of 2005, Pub. L. No. 119-13, Div. B, 119 Stat. 302 (codified in scattered sections of 8 U.S.C. (May 11, 2005)). The REAL ID Act clarified that petitions for review filed in the courts of appeals are the "sole and exclusive means for judicial review" of most orders of removal. *Id.* § 106(a), 119 Stat. at 310 (codified at 8 U.S.C. § 1252(a)(5)). Thus, district courts no longer have jurisdiction over habeas petitions challenging orders of removal. Instead, courts of appeals can consider in the first instance constitutional claims and questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D).

Because the REAL ID Act was passed while Mr. Schmitt's appeal was pending before this Court, we must ascertain whether the Act applies retroactively

-4-

to his habeas petition. Congress unequivocally provided that the amendments in § 106(a) of the REAL ID Act "take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment." REAL ID Act § 106(b), 119 Stat. at 311. The Act further provides that district courts should transfer an alien's habeas petition challenging a final order of removal to "the court of appeals for the circuit in which a petition for review could have been properly filed [under 8 U.S.C. § 1252]." *Id.* § 106(c), 119 Stat. at 311. The court of appeals, in turn, should treat transferred cases as though they had been filed as petitions for review. *Id.*

Despite the Act's comprehensive retroactivity discussion, the Act is silent as to appeals from a district court's denial of a habeas petition pending before the court of appeals on the Act's effective date. Although we have not considered this question, we agree with the Third Circuit that "it is readily apparent, given Congress' clear intent to have all challenges to removal orders heard in a single forum (the courts of appeals), that those habeas petitions that were pending before this Court on the effective date of the Real ID Act are properly converted to petitions for review and retained by this Court." *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005) (internal citations omitted). We therefore have jurisdiction to consider Mr. Schmitt's petition as a petition for review under 8 U.S.C. § 1252(a).

### III. Discussion

In his now-converted petition for review, Mr. Schmitt argues that the district director erred in issuing a removal order when Mr. Schmitt had a pending I-130 self-petition for change of status. Respondents contend not only that a self-petition is not a basis to contest a removal order under the Visa Waiver Program, but also that Mr. Schmitt is barred from making this argument, essentially because he has failed to exhaust his administrative remedies. We turn first to the subject of exhaustion.

### A. *Exhaustion of Administrative Remedies*

The Respondents' exhaustion position appears to embrace two related arguments: first, that Mr. Schmitt failed to present the present *claim* concerning the effect of the self-petition to the agency for review; and second, that Mr. Schmitt failed to present the *petition* itself to the agency for review. Neither is persuasive.

The first argument, that Mr. Schmitt failed to present his claim to the agency, misconceives the expedited removal scheme established by the Visa Waiver Program. Although it is true that where Congress has entrusted a decision to administrative agencies, a court of appeals is "not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry," *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) (internal quotation marks omitted), the limitation applies only

where there is an opportunity for administrative review. Similarly, the statute governing judicial review of orders of removal requires aliens to "exhaust[] all administrative remedies *available to the alien as of right*" before a court may review a final order of removal. 8 U.S.C. § 1252(d)(1) (emphasis added). This provision does not prevent a court from reviewing a final order of removal where there are no administrative remedies available. Under the Visa Waiver Program, removal of aliens who are not seeking asylum "shall be effected without referral of the alien to an immigration judge for a determination of deportability." 8 C.F.R. § 217.4(b)(1) (emphasis added); *Handa v. Clark*, 401 F.3d 1129, 1135 (9th Cir. 2005). The Visa Waiver Program therefore ensures that there are no "administrative remedies available to the alien as of right" that the alien must exhaust. *See* 8 U.S.C. § 1252(d)(1). Because there were no administrative remedies for Mr. Schmitt to exhaust, it is improper to deny his claim solely because he did not present it to the agency.

The second argument is that this Court should not consider Mr. Schmitt's self-petition because the document itself was not presented to the agency. The Respondents apparently assume that an alien can be required to present facts to an agency even when the alien is not entitled to a hearing before an immigration judge. We need not decide whether that assumption is correct because, in seeking review of the removal order, Mr. Schmitt provided the district director with a copy of the self-petition before Mr. Schmitt filed his habeas petition in the district

-7-

court.  Because Mr. Schmitt gave Respondents an opportunity to consider the effect of his self-petition on the Removal Order even though he was not entitled to administrative proceedings, we will proceed to the merits of his claim.

*B.*     ***Interaction Between Adjustment of Status Provisions and the Visa Waiver Program***

Mr. Schmitt concedes that he overstayed his visa, but contends that 8 U.S.C. § 1255(a), which allows the Attorney General to change the status of an alien who has an approved self-petition without requiring the alien to leave the United States, overrides the Visa Waiver Program's waiver provision at 8 U.S.C. § 1187(b)(2), which requires aliens to waive their right to contest their removal. We disagree.

An alien who is abused by his United States citizen spouse may file a self-petition for classification as a permanent resident.  *See* 8 U.S.C. § 1154(a)(1)(A)(iii).  If the petition is approved, the alien's status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence."  *Id.* § 1255(a).  The regulations clarify that an alien admitted under the Visa Waiver Program may obtain adjustment of status through an immediate relative or self-petition.  8 C.F.R. § 1245.1(b)(8).  Nonetheless, an alien's ability to apply for adjustment of status does not entitle the alien to administrative proceedings which would not otherwise have been provided.  *Id.* § 1245.2(a)(5)(ii).

The Visa Waiver Program, under which Mr. Schmitt was admitted to the United States, unequivocally required him to waive any right "to contest, other than on the basis of an application for asylum, any action for removal." 8 U.S.C. § 1187(b)(1). Aliens admitted under the Visa Waiver Program thus cannot apply for any form of relief from deportation, including adjustment of status, other than through an application for asylum. *See Itaeva v. INS*, 314 F.3d 1238, 1242 (10th Cir. 2003) (rejecting alien's argument that she could apply for suspension of deportation after having been admitted under the Visa Waiver Program); *Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1163 (10th Cir. 2004) (noting that adjustment of status is a form of relief from removal). Indeed, they are not even entitled to appear before an immigration judge to present evidence contesting their removal. 8 C.F.R. § 217.4(b)(1); *Handa*, 401 F.3d at 1135. As Mr. Schmitt properly acknowledges, the Visa Waiver Program statute prevents an alien admitted under the Visa Waiver Program from contesting a removal order based on a pending application for adjustment of status.

Because aliens admitted under the Visa Waiver Program cannot contest orders of removal on the basis of pending adjustment of status applications, but the statutes and regulations pertaining to adjustment of status specifically allow aliens admitted under the Visa Waiver Program to apply for adjustment of status, Mr. Schmitt claims that there is a "conflict" between the two statutes. Petitioner's Supp. Br. 5. Any conflict that exists between the two statutes,

however, is of his own creation. During the first 90 days during which an alien is lawfully present in the United States under the Visa Waiver Program, the alien may apply for adjustment of status without any conflict arising between the two statutes. *See* 8 C.F.R. § 1245.1(b)(8). The statutes authorize two different results only when an alien overstays his visa and is ordered removed before the alien files a petition for adjustment of status.[1] Thus, an alien's decision about when to file an immediate relative petition controls whether the statutes are in "conflict."

Allowing an alien to avoid the waiver provision of the Visa Waiver Program by creating a conflict with another immigration statute is contrary to Congress's purpose in establishing the program. The Visa Waiver Program provides an expedient method for foreign nationals to travel to the United States with minimal paperwork. *See Handa*, 401 F.3d at 1135. Because the program makes it easier for foreigners to enter the United States, Congress recognized that there was a risk for abuse. *Id.* To minimize that risk, Congress established expedited procedures that rendered aliens who overstay their visa "deportable 'without any judicial recourse or review, except when claiming asylum.'" *Id.* (quoting H.R. Rep. No. 106-564, at 7 (2000)). The statutory text and legislative history therefore make it abundantly clear that an alien may not challenge an

---

[1]Even then, the statutes may not require a contrary result. Nothing in 8 U.S.C. § 1255 appears to preclude the Attorney General from adjusting the status of an alien who had previously been removed from the country for violating the Visa Waiver Program.

Order of Removal issued to an alien who overstayed a visa issued through the Visa Waiver Program on any grounds other than asylum. Nor do the text or history of the adjustment of status statutes or regulations suggest a contrary result. Indeed, the adjustment of status regulations provide that nothing within them should be read to afford an alien procedures to which he is not otherwise entitled. 8 C.F.R. § 1245.2(a)(5)(ii). That is exactly the relief Mr. Schmitt asks us to provide. Accordingly, we cannot say that Respondents erred in removing Mr. Schmitt without considering his pending self-petition for reclassification.[2]

## IV. Conclusion

Having converted Mr. Schmitt's petition for writ of habeas corpus into a petition for review, we deny his petition for review.

---

[2]Because petitioner was removed on September 2, 2004, prior to the passage of the Violence Against Women and Department of Justice Reeauthorization Act of 2005, Pub. L. No. 109-162, 119 Stat. 2960 (Jan. 5, 2006), we do not reach the issue of petitioner's rights to a stay of removal under that Act.