# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2009

Charles R. Fulbruge III
Clerk

No. 07-60426

JOAN McCARTHY, also known as JOAN BOETTGE,

Petitioner,

v.

MICHAEL B. MUKASEY, U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals

Before JONES, Chief Judge, and OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:

The petitioner seeks review of a removal order, contending that the Visa Waiver Program's waiver of the right to contest an action of removal[1] does not apply to an applicant for adjustment of status under 8 C.F.R. § 245.2. We deny the petition for review.

I

On February 7, 2006, Joan McCarthy, a citizen of the United Kingdom, entered the United States as a non-immigrant under the Visa Waiver Program (VWP).[2] The VWP permits eligible nationals from certain designated countries

---

[1] See 8 U.S.C. § 1187(b)(2).

[2] 8 U.S.C. § 1187.

to apply for admission to the United States for ninety days or less as non-immigrant visitors without first obtaining a visa.[3] However, the statute imposes upon every participating alien a reciprocal waiver requirement. Participating aliens must waive "any right . . . to contest, other than on the basis of an application for asylum, any action for removal . . . ."[4]

Under the VWP, McCarthy was authorized to remain in the United States until May 7, 2006. McCarthy claims that on May 5, 2006, she married Dennis Boettge, a United States citizen. More than one year later, on or about May 8, 2007, McCarthy filed for an adjustment of status based on her marriage to Boettge.

On May 10, 2007, the Department of Homeland Security (DHS) issued a notice of intent to remove McCarthy for remaining in the United States beyond the ninety-day period. The DHS noted that in signing the VWP information form, McCarthy waived her right to contest any action for removal and to seek judicial review of the DHS's decision. The DHS issued an order of removal the same day.

McCarthy timely filed the instant petition for review and moved to stay deportation proceedings pending review. This court denied McCarthy's motion to stay and McCarthy was removed to the United Kingdom. This court has jurisdiction to review constitutional claims or questions of law such as those presented here.[5]

---

[3] See id.

[4] Id. § 1187(b)(2).

[5] See id. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a

II

This court has not previously addressed whether aliens admitted under the VWP can contest orders of removal on the basis of pending adjustment-of-status applications. However, in Nose v. Attorney General, we recognized that the "express language" of 8 U.S.C. § 1187(b) "unambiguously" limits an alien's means of contesting removal solely to an application for asylum.[6] We further noted that if we were reviewing a substantive-due-process or equal-protection challenge to the VWP it would "be limited to a 'rational basis' analysis."[7]

McCarthy recognizes the limitation imposed by the VWP's waiver, but she argues that the waiver provision of § 1187(b) does not apply because she filed an application for an adjustment of status prior to the issuance of the notice of removal. McCarthy argues that once she filed her application for adjustment of status, she was entitled to the procedural "safeguards" of 8 C.F.R. § 245.2, including the right to renew her application for adjustment of status and to challenge the removal order before an immigration judge.

McCarthy asserts that this court should follow the Ninth Circuit's reasoning in Freeman v. Gonzalez, which held that the "no-contest" provision of § 1187(b) does not apply once the VWP alien properly files an adjustment-of-status application.[8] However, the Ninth Circuit has since narrowed Freeman.

_____

petition for review filed with an appropriate court of appeals in accordance with this section.").

[6] 993 F.2d 75, 80 (5th Cir. 1993) (citations omitted).

[7] Id. at 78 n.5.

[8] See 444 F.3d 1031, 1033-34 (9th Cir. 2006) ("[O]nce a VWP entrant files an adjustment of status application as an immediate relative, as contemplated by 8 U.S.C. § 1255(c)(4), the alien is entitled to the procedural guarantees of the adjustment of status

In Momeni v. Chertoff, the court explained that "Freeman was an exception because she was eligible to adjust her status at [the] time she arrived, under 8 U.S.C. § 1254, she applied within her 90 days, and she would have obtained her adjustment of status but for her husband's death."[9] The court held that Momeni, who, unlike Freeman, applied for an adjustment of status after the expiration of the ninety days, did not fall within the "narrow [Freeman] exception" and, therefore, could not circumvent the VWP's no-contest clause by means of an adjustment of status.[10]

The Sixth, Eighth, and Tenth Circuits have also concluded that aliens who file for an adjustment of status after the expiration of the ninety-day period waive their right to contest a subsequent removal order.[11] The Tenth Circuit's analysis in Ferry v. Gonzales[12] is particularly instructive.

In Ferry, the VWP participant filed an application for adjustment of status based on his prior marriage to a United States citizen almost one year after the expiration of the ninety-day period.[13] Before a decision was rendered on Ferry's

---

regime, see 8 C.F.R. § 245.2, and to that extent is no longer subject to the Visa Waiver Program's no-contest clause.").

[9] 521 F.3d 1094, 1096 (9th Cir. 2008).

[10] Id. at 1097 ("We agree with the Tenth Circuit in Schmitt v. Maurer, that to allow an adjustment of status petition after the 90 days has expired would create an avoidable conflict between the adjustment of status statute and the no contest statute." (footnote omitted)); accord Bayo v. Chertoff, 535 F.3d 749, 752 (7th Cir. 2008).

[11] See Zine v. Mukasey, 517 F.3d 535, 543 (8th Cir. 2008); Lacey v. Gonzales, 499 F.3d 514, 519 (6th Cir. 2007); Ferry v. Gonzales, 457 F.3d 1117, 1128 (10th Cir. 2006).

[12] 457 F.3d 1117.

[13] Id. at 1120-22.

application, the DHS issued an order of removal on the basis that Ferry had remained in the United States beyond the ninety-day period authorized by the VWP.[14]

Ferry argued that he had a statutory right to an adjustment of status based on 8 U.S.C. § 1255(c)(4) and due process.[15] Rejecting Ferry's argument, the court noted that it had previously observed that "any conflict between the statutory provision permitting a VWP alien to apply for adjustment of status and the VWP's waiver provision was created by the petitioner's decision to file an application for adjustment of status after he had already overstayed his visa . . . ."[16] The court also concluded that an alien's right to renew his or her application for adjustment of status in removal proceedings "is eliminated by the last sentence in 8 C.F.R. § 1245.2(a)(5)(ii): 'Nothing in this section shall entitle an alien to [removal] proceedings under section 240 of the Act [8 U.S.C. § 1229(a)] who is not otherwise so entitled.'"[17]

The Ferry court held that "[i]t is evident under the applicable statutes and regulations that a VWP alien who overstays his authorized time and is ordered removed has waived his right to contest that removal through an application for adjustment of status."[18] The court further held that "an alien who overstays his authorized time under the VWP and files for an adjustment of status after he has overstayed, but before the issuance of a removal order, has waived his right

---

[14] Id. at 1120.

[15] Id. at 1126-27.

[16] Id. at 1127 (citing Schmitt v. Maurer, 451 F.3d 1092, 1097 (10th Cir. 2006)).

[17] Id. at 1128 (alterations in original) (quoting 8 C.F.R. § 1245.2(a)(5)(ii)).

[18] Id. (citing Schmitt, 451 F.3d at 1096-97).

to contest a subsequent removal order through a renewed application for adjustment of status, or to otherwise seek review of the previously filed adjustment of status."[19]

The Tenth Circuit also rejected Ferry's claim that due process entitled him to a hearing before an immigration law judge for consideration of his adjustment-of-status application.[20] Citing our opinion in Nose, the Ferry court opined that "an alien's due process rights are subject to waiver."[21]

We agree with the Tenth Circuit that once McCarthy violated the terms of the VWP by remaining in the United States for more than ninety days, she was no longer entitled to contest her removal, other than through an application for asylum.[22] McCarthy sought an adjustment of status almost one year after the expiration of the ninety-day period. The fact that McCarthy applied for an adjustment of status before the DHS issued its notice of removal is of no consequence.[23] Therefore, McCarthy could not circumvent the unambiguous language of 8 U.S.C. § 1187 by subsequently applying for an adjustment of status.

Similarly, we reject McCarthy's claim that due process of law entitled her to a hearing before an immigration law judge for consideration of her

---

[19] Id.

[20] Id.

[21] Id. at 1129 (citing Nose v. Attorney Gen., 993 F.2d 75, 78-79 (5th Cir. 1993)); accord Wigglesworth v. INS, 319 F.3d 951, 959-60 (7th Cir. 2003).

[22] See Nose, 993 F.2d at 79-80.

[23] See Ferry, 457 F.3d at 1127 (holding that filing an application for adjustment of status before a removal order "fares no better" than the case where an application was filed after a removal order).

adjustment-of-status application. We have previously held that due process rights may be waived as long as such waiver is knowingly and voluntarily made.[24] There is no dispute that McCarthy knowingly and voluntarily signed the VWP waiver. Accordingly, McCarthy waived her due process right to a hearing before an immigration law judge.

*     *     *

We DENY the petition for review.

---

[24] See Nose, 993 F.2d at 79 ("Although due process rights may be waived, such a waiver must be made knowingly and voluntarily." (citation omitted)); accord Ferry, 457 F.3d at 1129.