**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 18, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSE MANUEL LEMA,

          Petitioner-Appellant,

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY; ERIC
H. HOLDER, JR., as Attorney
General,

          Respondents-Appellees.

No. 09-2189
(D.C. No. 1-08-CV-00915-MCA-ACT)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Jose Manuel Lema appeals from the district court's order dismissing his

petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of

jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    Appellee declined to file a brief in this matter. After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Lema is a native and citizen of Ecuador who, in 1988, entered the United States without any documentation. Upon entry, immigration authorities issued an order to show cause why he should not be deported. The record contains a signed stipulation between "Jose Salvador Tellez," counsel for Mr. Lema, and a government attorney, that Mr. Lema could be deported without a hearing. Aplt. App. at 2. An immigration judge in Laredo, Texas, signed a deportation order, which was effected several weeks later.

However, Mr. Lema did not stay gone for long; instead he reentered the United States in 1991, where he did not come to the attention of immigration officials until 2008. Following his apprehension in New York, the Department of Homeland Security issued a notice of its intention to reinstate the 1988 order and deport him. Shortly thereafter, Mr. Lema filed a petition for a writ of habeas corpus in federal district court in New York, which in turn transferred the action to the federal district court in New Mexico, where Mr. Lema was in custody. The district court concluded that it lacked jurisdiction to entertain the petition and declined to transfer the case to the Fifth Circuit Court of Appeals because it also lacked jurisdiction. This appeal followed.

II.

The gist of Mr. Lema's argument concerns the 1988 proceeding, which he characterizes as a "gross miscarriage of justice," Aplt. Opening Br. at 11, because he "was never brought before an Immigration Judge[,] . . . [he] never retained an attorney, and never signed a G-28 authorizing an attorney to appear on his behalf," *id*. at 5. But even accepting his characterization of the proceeding as accurate, he never explains how the district court's conclusion that it lacked jurisdiction was error; instead he cites outdated case law and/or ignores relevant precedent.

Under 8 U.S.C. § 1252(a)(5), the "appropriate court of appeals . . . [has] the sole and exclusive means for judicial review of an order of removal," including "habeas corpus review pursuant to [§] 2241." *See also Schmitt v. Maurer*, 451 F.3d 1092, 1094 (10th Cir. 2006) (following enactment of the REAL ID Act on May 11, 2005, "district courts no longer have jurisdiction over habeas petitions challenging orders of removal").

The "appropriate" court of appeals is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). In Mr. Lema's case, the immigration judge completed the proceedings in Texas, and his petition should have been filed with the Fifth Circuit Court of Appeals. We acknowledge that in certain circumstances a transfer to a circuit court is appropriate. But one requirement for transfer is that

the transferee court itself have jurisdiction on the date the action was filed. 28 U.S.C. § 1631. Section 1252(b)(1) required Mr. Lema to file his petition in the court of appeals within "30 days after the date of the final order of removal." The thirty-day filing deadline is "mandatory and jurisdictional and is not subject to equitable tolling." *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (per curiam) (quotations omitted). Because his petition was filed more than twenty years after the 1988 order of deportation, no court of appeals had jurisdiction to entertain it, and transfer would have been improper. *Cf. Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1162-63 (10th Cir. 2004).

The order of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-4-