# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1285

_____

Stefan Lang,                              *
                                          *
    Petitioner - Appellant,               *
                                          *  Appeal from the United States
v.                                        *  District Court for the
                                          *  Eastern District of Missouri.
Janet Napolitano, et al.,                 *
                                          *
    Respondents - Appellees.              *

_____

Submitted: December 16, 2009
Filed: March 1, 2010

_____

Before LOKEN, Chief Judge, ARNOLD and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Stefan Lang, a German citizen, entered the United States in 1998 as a visitor under the Visa Waiver Program ("VWP"). Enacted to stimulate tourism and reduce visa processing, the VWP allows persons from designated countries to visit the United States for up to ninety days without obtaining a visa. See 8 U.S.C. § 1187. Lang's authorized ninety-day visit ended September 17, 1998. On September 16, he married Melva Dorsey, an American citizen. On September 22, after the ninety days expired, Lang's attorney filed a Form I-130 alien relative petition on behalf of Dorsey and a Form I-485 adjustment of status application on behalf of Lang.

Dorsey's Form I-130 petition was approved in February 2000. However, in February 2002, the Immigration and Naturalization Service, whose functions were later transferred to the Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"), revoked the I-130 approval and denied Lang's I-485 application for adjustment of status after belatedly processing a letter from Dorsey withdrawing her Form I-130 petition on account of marital difficulties. Lang and Dorsey divorced in early 2004. Their daughter and Dorsey's child by a previous marriage continued to live with Lang.

In August 2008, ICE advised Lang that he was deportable under 8 U.S.C. § 1227(a)(1)(B) because he had stayed beyond the ninety days authorized by the VWP. The letter declared: "Acordingly, you are hereby ordered removed from the United States to Germany pursuant to Title 8, Code of Federal Regulations 217.4(b)." Rather than appeal this order, Lang commenced this action in November 2008 against Department of Homeland Security officials seeking an order enjoining defendants from removing Lang and a writ of mandamus ordering defendants "to issue a Notice to Appear before an immigration judge." Following an evidentiary preliminary injunction hearing, the district court dismissed the complaint. Lang appeals. We affirm the dismissal because the district court lacked jurisdiction to grant relief.

To be eligible for entry under the VWP program, an alien must waive his right "to contest, other than on the basis of an application for asylum, any action for removal." 8 U.S.C. § 1187(b)(2). As the court said in Handa v. Clark, 401 F.3d 1129, 1135 (9th Cir. 2005), "the linchpin of the program is the waiver, which assures that a person who comes here with a VWP visa will leave on time and will not raise a host of legal and factual claims to impede his removal if he overstays." Though the VWP waiver forecloses many avenues of relief, the adjustment of status statute contains a limited exception, providing that discretionary adjustment of status relief is available to an alien admitted under the VWP program on one ground, as "an immediate relative." 8 U.S.C. § 1255(c)(4).

Lang signed a VWP waiver when he entered the United States in 1998.  He later filed an application for adjustment of status as an immediate relative of Dorsey.  His theory in this lawsuit is that, although adjustment of status was ultimately denied, filing the application freed him from the VWP waiver limitations of § 1187(b)(2).  Therefore, he is entitled to an unrestricted formal removal proceeding at which he may seek withholding of removal based on "extremely unusual hardship" to his U.S. citizen child.  See 8 U.S.C. § 1229b(b)(1).

Lang bases this implausible argument on an expansive reading of Freeman v. Gonzales, 444 F.3d 1031 (9th Cir. 2006).  The district court rejected the argument on the merits, distinguishing Freeman on the ground that Lang, unlike the petitioner in Freeman, did not file his application for adjustment of status before his authorized ninety-day VWP visit expired.  That distinction has been adopted by at least four other circuits, including another panel of the Ninth Circuit.  See Ferry v. Gonzales, 457 F.3d 1117, 1126-28 & n.15 (10th Cir. 2006), followed in McCarthy v. Mukasey, 555 F.3d 459, 460-62 (5th Cir. 2009); Momeni v. Chertoff, 521 F.3d 1094, 1096-97 (9th Cir. 2008); and Lacey v. Gonzales, 499 F.3d 514, 519 & n.6 (6th Cir. 2007), and cited favorably by this court in Zine v. Mukasey, 517 F.3d 535, 543 (8th Cir. 2008).

We are inclined to agree with the district court's application of these prior circuit court decisions.  But we detect a serious jurisdictional flaw in this case.  Congress has provided that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter" (with one exception not applicable here).  8 U.S.C. § 1252(a)(5).[1]  If a final order of removal is upheld on review, or if review is not timely sought, "no court shall

---

[1]Similarly, Congress has barred judicial review of the denial of adjustment of status, even if "made in removal proceedings," except for review "of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals."  8 U.S.C. §§ 1252(a)(2)(B)(i) and (D).

have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action . . . to . . . execute removal orders against any alien under this chapter." § 1252(g); see generally Reno v. American-Arab Anti-Discrim. Comm., 525 U.S. 471, 482 (1999). Here, Lang did not seek judicial review of the August 2008 letter ordering him removed. Instead, he now seeks injunctive and mandamus relief that would prohibit the agency from "executing" that removal order.

Seeking to avoid this obvious lack of district court jurisdiction, Lang argues that § 1252(a)(5) does not apply because there is no final order of removal entered after a formal proceeding conducted by an immigration judge under § 240 of the Immigration and Nationality Act (8 U.S.C. § 1229a). But § 1252(a)(5) vests courts of appeals with exclusive jurisdiction to review "an order of removal entered or issued under any provision of this chapter" (emphasis added). The regulations implementing the VWP program provide that an alien admitted under the program who becomes removable under 8 U.S.C. § 1227 -

> (b)(1) . . . shall be removed from the United States to his or her country of nationality . . . . Such removal shall be determined by the district director . . . and shall be effected without referral of the alien to an immigration judge for a determination of [removability, unless the alien applies for asylum].
>
> (2) Removal by the district director under paragraph (b)(1) of this section is equivalent in all respects and has the same consequences as removal after proceedings conducted under section 240 of the Act.

8 C.F.R. § 217.4(b), cited by ICE in the August 2008 ordering Lang removed. By the plain language of these statutes and regulations, (i) the August 2008 letter was a final administrative order of removal reviewable only in a court of appeals, and (ii), at least in the absence of a legal or constitutional defect that could not be remedied by a direct petition for review, the order is final, and no court has jurisdiction over a claim to prevent execution of that order, either by collateral attack or by the imposition of

further procedures. Thus, the district court should have dismissed the case for lack of subject matter jurisdiction without reaching the merits of Lang's attempt to avoid the legal effects of his VWP waiver.

We note that the circuit court decisions on which the district court relied are consistent with this jurisdictional ruling. Petitioners sought direct court of appeals review of the ICE removal orders in Ferry, 457 F.3d at 1132-33, in Lacey, 499 F.3d at 516, and in McCarthy, 555 F.3d at 460.[2] In Momeni, 521 F.3d at 1095-96, the alien commenced the action in district court; the Ninth Circuit agreed that court lacked jurisdiction under 8 U.S.C. § 1252(a)(5), as amended by the REAL ID Act, but considered the VWP waiver issue on the merits because the suit began in district court before the statute was amended. Similarly, the alien in Freeman filed a habeas corpus petition in the district court, rather than a petition for review of the ICE removal order; when the REAL ID Act amendment took effect with the appeal pending, the Ninth Circuit treated the appeal as a timely petition for review and addressed the VWP waiver issue on the merits. 444 F.3d at 1033 n.4. For another decision addressing the merits of a VWP waiver issue when the alien properly petitioned the court of appeals for direct review of an ICE removal order, see Bayo v. Chertoff, 535 F.3d 749, 750-52 (7th Cir. 2008).

Here, because Lang did not timely petition this court for review of the final ICE order of removal, the district court lacked jurisdiction "to hear any claim" for relief that would frustrate or interfere with the agency's action to "execute" that order. 8 U.S.C. § 1252(g). Accordingly, the judgment of the district court is affirmed.

_____

---

[2]In Zine, 517 F.3d at 537, 543, a VWP waiver issue properly reached our court by a different path -- the alien petitioned for review of BIA removal orders denying him relief after an asylum-only proceeding, including adjustment of status relief.