# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60244

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2019

Lyle W. Cayce
Clerk

JOHN JOSEPH LAVERY,

> Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

> Respondent

---

Petition for Review from a Decision of
Immigration and Customs Enforcement

---

Before JONES, SMITH, and HAYNES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

John Lavery, the petitioner, was ordered removed from the United States by the Department of Homeland Security ("DHS") after he violated the terms of his admission under the Visa Waiver Program ("VWP"), 8 U.S.C. § 1187. He filed a motion to reopen pursuant to 8 C.F.R. § 103.5, positing that he never voluntarily and knowingly waived his right to a hearing before an immigration judge and thus should not be summarily removed. An Immigration and Customs Enforcement ("ICE") Deputy Field Office Director denied Lavery's motion, and Lavery filed a petition for review in this court. The government moved to dismiss for lack of jurisdiction. We DISMISS Lavery's petition for lack of jurisdiction because it calls for judicial review of the denial of a motion he is not entitled to file.

No. 18-60244

## BACKGROUND

John Lavery is a native and citizen of the United Kingdom. He first entered the United States in 1974 using a B-2 visitor's visa. He remained in the United States for the next forty years in violation of the conditions of that visa.

In December 2014, Lavery and his wife were given tickets for a trip to Scotland. The trip was scheduled for June 2015 and required Lavery to possess a visa to reenter the United States. Interestingly, he had maintained his U.K. passport. But the visa requirement presented a problem for Lavery because he did not have a visa and his American citizen wife was unaware that he was not a citizen of the United States. Lavery turned to his cousin for advice because she was a frequent traveler. She told Lavery about the VWP.

The VWP "permits alien visitors to enter the United States from designated countries for a period not exceeding 90 days without obtaining a nonimmigrant visa." *Nose v. Attorney Gen. of U.S.*, 993 F.2d 75, 77 (5th Cir. 1993). The program is dependent upon, *inter alia*, the alien's waiver of his right "to contest, other than on the basis of an application for asylum, any action for removal." 8 U.S.C. § 1187(b)(2). This waiver is the linchpin of the program; it allows VWP participants to enter the country expeditiously while streamlining their removal. When the VWP was first piloted, the waiver was executed using Form I-791. Visa Waiver Pilot Program, 53 Fed. Reg. 24,898, 24,901 (June 30, 1988) (to be codified at 8 C.F.R. pt. 217). That form was replaced a few years later by Form I-94W. Visa Waiver Pilot Program, 56 Fed. Reg. 32,952 (July 18, 1991) (to be codified at 8 C.F.R. pt. 217). Form I-94W used to be completed when an alien entered the country. It is now, however, integrated as part of the Electronic System for Travel Authorization ("ESTA"). Changes to the Visa Waiver Program, 80 Fed. Reg. 32,267, 32,269 (June 8, 2015) (to be codified at 8 C.F.R. pt. 217) ("ESTA provide[s] for an automated

2

collection of the information required on the [paper] Form I-94W . . . in advance of travel."). The ESTA is an online portal through which aliens apply for the VWP. Applicants who intend to travel by air or sea must submit an ESTA application—including signing the VWP waiver—and receive travel authorization before entering the United States. *Id.* at 32,267.

Just before leaving for Scotland, Lavery completed an ESTA application and was approved for admission into the United States. Lavery does not recall being informed that by applying for entry through the VWP he was waiving his right to a hearing before an immigration judge. He asserts that if that condition was "stated any place on the website," he either "missed it or did not understand it." The government, for its part, has produced Lavery's ESTA application. The application includes an "N" notation next to the field "Third Party Indicator" and a "Y" notation next to the field "Waived Rights," reflecting that Lavery personally filled out the application and certified that he waived his right to challenge removal except on the basis of an application for asylum.

Lavery traveled to Scotland in 2015. He returned to the United States on June 30, 2015, and was admitted as a tourist under the VWP with authorization to remain in the country until September 27, 2015. He remained in the United States past that date. On March 7, 2017, Lavery was arrested for the crime of "Fraud-False Statement." He posted bond in the criminal proceeding but was immediately transferred into ICE custody.

ICE issued a Notice of Intent to Remove ("NOIR") on March 22, 2017. The NOIR alleged that Lavery

> executed a Form I-791, Visa Waiver Pilot Program Information Form that explained to [him] the conditions of admission under the Visa Waiver Pilot Program. When [Lavery] signed Form I-791, [he] also waived [his] right to contest any action for removal before

No. 18-60244

an immigration judge and Board of Immigration Appeals, and to any judicial review of any and all of the above decisions.[1]

On the same day, ICE issued an order of removal on the basis that Lavery failed to comply with the conditions of his admission under the VWP. The removal order made clear that because Lavery had been admitted under the VWP, he had "waived [his] right to contest any action for removal, except to apply for asylum." Lavery attests that neither the NOIR nor the order of removal was immediately served on him. And neither the NOIR nor the order of removal is accompanied by a certificate of service evidencing that these documents were served. Lavery maintains that he first saw these documents on February 16, 2018, when his immigration attorney brought them to his attention.

On February 21, 2018, Lavery submitted Form I-290B and an accompanying brief to ICE's Enforcement and Removal Field Office in San Antonio, Texas, requesting that it "reopen [the] office's administrative order of removal." He argued that he did not knowingly and voluntarily waive his right to a hearing before an immigration judge and thus should not be summarily removed. On March 14, 2018, the Deputy Field Office Director ("Director") rejected Lavery's request, stating that "there is no appeal of the Immigration Officer's decision in this instance." The Director then went on to note that Lavery's case had nonetheless been reviewed and that ICE's decision would not be overturned.

On April 6, 2018, Lavery submitted this petition for review, claiming again that he did not knowingly and voluntarily waive his right to a hearing

---

[1] The government later clarified that it was "highly unlikely that [Lavery] executed an I-791" paper form because he applied for the VWP through the ESTA. This clarification, however, was only provided after repeated requests from Lavery's counsel and finally a request from this court. The government should have been more forthcoming with this information.

before an immigration judge.  Before merits briefs were filed, the government moved to dismiss the petition for lack of jurisdiction based on its untimeliness.

## DISCUSSION

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998).  Accordingly, our first task is to determine whether we have jurisdiction to entertain the merits of Lavery's petition.

The government avers that this court lacks jurisdiction because Lavery's petition was untimely.  A petition for review must be filed within thirty days of the issuance of a final order of removal.  8 U.S.C. § 1252(b)(1).  This "time limit is 'mandatory and jurisdictional.'"  *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227 (5th Cir. 2017) (quoting *Stone v. I.N.S.*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995)).  Lavery filed his petition on April 6, 2018, over a year after ICE issued its removal order and over thirty days after Lavery says he was put on notice of the order.  Thus, if Lavery were challenging the removal order, his petition would be time barred.  Lavery, however, is not challenging that order; he contests the denial of his motion to reopen.[2]  The latter order constitutes a separate final order requiring its own petition for review.  *See Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006).  Lavery's petition, filed within thirty days of the Director's denial of his motion to reopen, is therefore timely.

There is, however, a different jurisdictional problem plaguing Lavery's petition.  Lavery contested the waiver of his right to a hearing before an immigration judge by moving to reopen under 8 C.F.R. § 103.5.  But as a VWP

---

[2] The government also contends that Lavery did not technically file a motion to reopen and that its rejection of his filing did not constitute a denial of a motion to reopen.  We do not address this argument because Lavery's petition must be dismissed for lack of jurisdiction regardless of how we characterize Lavery's motion and the government's rejection of it.

No. 18-60244

participant, Lavery is limited to contesting his removal "on the basis of an application for asylum." 8 U.S.C. § 1187(b)(2). Lavery concedes that he is not seeking asylum. The statute on its face appears to bar Lavery from challenging his deprivation of a hearing by means of a motion to reopen.

Lavery argues otherwise. He maintains that a motion to reopen is a proper vehicle for his claim because, pursuant to the broad language of 8 C.F.R. § 103.5, "a party affected by a decision issued by a Department of Homeland Security . . . officer, which includes an ICE officer, may file a motion to reopen the proceeding." Lavery acknowledges that Section 103.5 "exempts certain categories of decisions from its purview," but removal decisions made under 8 U.S.C. § 1187 or 8 C.F.R. § 217.4 (the relevant VWP statute and regulation) are not among the listed exemptions. Because VWP removal orders are not expressly barred from reconsideration on a motion to reopen, Lavery reasons that VWP decisions fall within the scope of Section 103.5.

Lavery also insists that had Congress wished to deny aliens ordered removed under the VWP the right to file a motion to reopen, it could have done so expressly. As evidence of Congress's ability to proscribe such relief, he points to 8 U.S.C. § 1231(a)(5), which explicitly denies aliens subject to an order of reinstatement of removal the right to file motions to reopen. *See I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 432, 107 S. Ct. 1207, 1213 (1987) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 300 (1983)) (alteration in original) (internal quotation marks omitted)).

The government responds that the reach of 8 C.F.R. § 103.5(a) is limited—it "only applies to aliens requesting immigration benefits and is not applicable to aliens challenging a VWP order of removal." An entirely different

regulation, 8 C.F.R. § 217, controls VWP proceedings and makes no mention of a motion to reopen. Nor is there any mention of this right in the governing statute. *See* 8 U.S.C. § 1187. The government thus concludes that a VWP entrant does not have the right to file a motion to reopen.

The government has the better reading of the relevant statutes and regulations. The VWP statute speaks in broad, definitive terms. It mandates that aliens participating in the VWP waive "*any* right . . . to contest, other than on the basis of an application for asylum, *any* action for removal of the alien." 8 U.S.C. § 1187(b) (emphases added); *see also* 8 C.F.R. § 217.4(b)(1) ("Such removal . . . shall be effected without referral of the alien to an immigration judge for a determination of deportability . . . ."). This court has stated that this statute "'unambiguously' limits an alien's means of contesting removal solely to an application for asylum." *McCarthy v. Mukasey*, 555 F.3d 459, 460 (5th Cir. 2009) (quoting *Nose*, 993 F.2d at 80).

Admittedly, the *McCarthy* court did not confront the issue Lavery now raises—whether an alien who denies knowingly signing a VWP waiver can move to reopen pursuant to 8 C.F.R. § 103.5. Consequently, one might observe that *McCarthy*'s expansive language cannot control the instant case. But a contextual reading of 8 C.F.R. § 103.5 refutes this suggestion. The subpart in which Section 103.5 is housed is entitled "Applying for Benefits, Surety Bonds, Fees." The provisions surrounding Section 103.5 describe the procedures for obtaining immigration and naturalization benefits. Section 103.2, for example, describes the processes for submitting and adjudicating benefit requests. 8 C.F.R. § 103.2. Section 103.3 describes how to appeal denials of benefit applications filed pursuant to Section 103.2. *Id.* § 103.3. When read in conjunction with these related provisions, the scope of 8 C.F.R. § 103.5 is limited to aliens who affirmatively seek and are then denied select immigration benefits. It does not have any relevance in VWP removal proceedings.

No. 18-60244

Lavery's reliance on the carve-out in 8 U.S.C. § 1231(a)(5) is equally unavailing. Section 1231(a)(5) strips from noncitizens who are subject to an order of reinstatement of removal the right to file a motion to reopen. Lavery cites this exemption to show that if Congress wished to strip the same right from persons ordered removed under the VWP, it knew how to do so. That proposition may be true, but it hardly advances the ball analytically. Congress used broad proscriptive language in 8 U.S.C. § 1187. It explicitly limited the grounds on which a VWP alien may challenge removal to an application for asylum. 8 U.S.C. § 1187(b)(2). And "[w]hen a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." *Botany Worsted Mills v. United States*, 278 U.S. 282, 289, 49 S. Ct. 129, 132 (1929); *see also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 107 (2012) (defining the negative-implication canon).

That a motion to reopen is not a procedural vehicle Congress envisioned for VWP participants is confirmed by the structure of the statute and regulations that govern removal proceedings more generally. Consider first 8 U.S.C. § 1229a. That section authorizes aliens to "file one motion to reopen." 8 U.S.C. § 1229a(c)(7)(A). But it applies only to "proceedings under [8 U.S.C. § 1229a]"—removal proceedings before an immigration judge. *Id.* VWP participants are not entitled to a hearing before an immigration judge. *See* 8 C.F.R. § 217.4(b)(1). The statutory right to file a motion to reopen thus appears to be foreclosed to VWP participants (at least those not seeking asylum).

Consider also 8 C.F.R. §§ 1003.2, 1003.23. These two regulations authorize aliens to file a motion to reopen in proceedings before the BIA or an immigration judge. *See id.* § 1003.2(c)(1) (BIA); *id.* § 1003.23(b)(3) (immigration judge). As just noted, VWP participants are not entitled to these

8

types of proceedings. *See id.* § 217.4(b)(1). Thus, they cannot avail themselves of the procedures afforded by these two regulations.

At first glance, one might postulate that this court's precedents militate in favor of reviewing Lavery's petition. This court, after all, has, on at least two occasions, considered the very argument Lavery presses—that he did not knowingly and voluntarily waive his right to a hearing before an immigration judge. *See McCarthy*, 555 F.3d at 462; *Nose*, 993 F.2d at 78–80. The VWP aliens in *McCarthy* and *Nose*, however, were not petitioning from the denial of a motion to reopen. They followed the procedural channels authorized by Congress. The VWP entrant in *McCarthy*, for instance, filed a petition for review directly to this court after she was ordered removed by DHS, *McCarthy*, 555 F.3d at 460, and the court rightly exercised jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D), *id.* at 460 n.5. The VWP participant in *Nose* took a different approach. Upon expiration of her authorized VWP stay, she filed a complaint in federal district court seeking declaratory and injunctive relief. *Nose*, 993 F.2d at 77.[3] After the district court granted summary judgment for the government, the VWP alien appealed to this court. Because the district court's summary judgment order constituted a final decision, this court could exercise jurisdiction over the alien's appeal. *See* 28 U.S.C. § 1291.

The same cannot be said here. Lavery's petition is premised on the denial of a motion that Lavery is not entitled to file in the first instance. This court accordingly lacks jurisdiction to consider the merits of his petition, and it must be dismissed.[4] *See Stockman*, 138 F.3d at 151 ("It is incumbent on all

---

[3] This was permissible at the time because Congress had yet to vest exclusive jurisdiction to review removal orders in the courts of appeals. *See* REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., § 106(a)(1)(B), 119 Stat. 231, 310–11 (2005).

[4] If VWP aliens not seeking asylum are prohibited from filing a motion to reopen pursuant to 8 C.F.R. § 103.5, how are aliens like Lavery—who maintain that they did not knowingly sign a waiver—supposed to challenge their summary removal? Title 8 U.S.C.

federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking.").

For these reasons, the petition for review is **DISMISSED**.

---

§ 1252 provides one answer to this question.  It states that the courts of appeals have jurisdiction to review a petition that raises constitutional claims or questions of law.  8 U.S.C. § 1252(a)(2)(D).  Lavery could have filed a timely petition for review to this court arguing that he did not knowingly and voluntarily waive his right to a hearing before an immigration judge.  *See, e.g.*, *McCarthy*, 555 F.3d at 460 (asserting jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D)); *see also Bingham v. Holder*, 637 F.3d 1040, 1043 (9th Cir. 2011) ("Though a VWP entrant waives the right to contest removal except on the basis of asylum, . . . a VWP entrant can invoke § 1252(a) to challenge a final order of removal on the basis that he or she is not at all subject to the VWP regime.").