FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KAMBIZ MOMENI,
             *Petitioner-Appellant,*

                    v.

MICHAEL CHERTOFF, Secretary,
United States Department of
Homeland Security; JULIE L.
MYERS, Assistant Secretary for US
Immigration and Customs
Enforcement, United States
Department of Homeland Security;
JOHN P. TORRES, Acting Director,
Office of Detention and Removal,
US Immigration and Customs
Enforcement; JAMES T. HAYES,
District Director, Los Angeles
District Office, Detention and
Removal Operations, US
Immigration and Customs
Enforcement; KENNETH COX,
             *Respondents-Appellees.*

No. 07-55018

D.C. No.
CV-06-05675-SGL

OPINION

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Argued and Submitted
July 12, 2007—Pasadena, California

Filed March 31, 2008

Before: Alex Kozinski, Chief Judge, Andrew J. Kleinfeld,
and Richard C. Tallman, Circuit Judges.

3283

Opinion by Judge Kleinfeld

## COUNSEL

Lori B. Schoenberg, Reeves and Associates, A PLC, Pasadena, California, for the appellant.

Thomas K. Buck, Assistant U.S. Attorney, Los Angeles, California, for the appellees.

## OPINION

KLEINFELD, Circuit Judge:

We consider whether a traveler to the United States under the Visa Waiver Program may contest deportation pending an application for adjustment of status. Momeni argues that under *Freeman v. Gonzales*[1] the "no contest" provision[2] of the 90-day tourist program does not apply to him, because he has since filed (and has pending) an application for adjustment of status, based on his marriage to a United States citizen.

---

[1] 444 F.3d 1031 (9th Cir. 2006).
[2] 8 U.S.C. § 1187(b).

Facts

Momeni is a German citizen. He came to the United States as a tourist on November 30, 2005. Under a pilot program that Congress created, citizens of certain countries can come to the United States as tourists for 90 days or less without visas.[3] Various conditions have to be satisfied by the country (e.g., a reciprocal program[4]) and the tourist (e.g., a round-trip ticket[5]). To get the government waiver of the usual visa requirement, the tourist has to sign a waiver of his or her own right to contest removal other than on the basis of asylum.[6]

Momeni did not go back to Germany by March 1, which was 90 days after he entered the United States. On April 11, 2006, he married a United States citizen. In July, Momeni was taken into custody for violating the conditions of his admission under the Visa Waiver Program, and given notice that he was to be removed. In September, Momeni and his wife applied to adjust Momeni's status. His removal has been stayed pending disposition of this case. Because there are no administrative proceedings available for entrants under the Visa Waiver Program except on the basis of asylum, he sought none, and instead petitioned for a writ of habeas corpus in district court. The district court dismissed the petition on the ground that it lacked jurisdiction, and he appealed.

---

[3]*See* 8 U.S.C. § 1187.

[4]*See* 8 U.S.C. § 1187(a)(2).

[5]*See* 8 U.S.C. § 1187(a)(8).

[6]*See* 8 U.S.C. § 1187(b). Under the Visa Waiver Program, an alien may enter the United States without a visa for a period of 90 days. An alien who enters under this program waives any right "(1) to review or appeal under this [Act] of an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States, or (2) to contest, other than on the basis of an application for asylum, any action for removal." *Id.*

Analysis

## I.  Jurisdiction

**[1]** The district court correctly ruled that it did not have jurisdiction. In *Iasu v. Smith*,[7] we held that, for habeas petitions filed after the effective date of the REAL ID Act, a "district court plainly lack[s] habeas jurisdiction" over challenges to removal orders.[8] Congress amended 8 U.S.C. § 1252(a)(5) in the REAL ID Act to provide that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this [Act]."

The scope of our own jurisdiction is arguable, but in order to avoid the constitutional argument raised by Momeni that the REAL ID act could not deprive the courts of habeas jurisdiction without violating the Suspension Clause,[9] we assume for purposes of this decision that we have jurisdiction.[10]

## II.  Merits

**[2]** Momeni entered the United States under the Visa Waiver Program, a special program for tourists from 27 countries.[11] The Visa Waiver Program allows tourists to enter the United States "for 90 days or less" from the designated countries without visas.[12] To do so, they must waive "any right . . .

---

[7]511 F.3d 881 (9th Cir. 2007).

[8]*Id.* at 888.

[9]U.S. Const. art I, § 9, cl. 2.

[10]*See, e.g.*, *INS v. St. Cyr*, 533 U.S. 289 (2001).

[11]Andorra, Australia, Austria, Belgium, Brunei, Denmark, Finland, France, Germany, Iceland, Ireland, Italy, Japan, Liechtenstein, Luxembourg, Monaco, the Netherlands, New Zealand, Norway, Portugal, San Marino, Singapore, Slovenia, Spain, Sweden, Switzerland, and the United Kingdom. *See* 8 C.F.R. § 217.2.

[12]8 U.S.C. § 1187(a).

to contest, other than on the basis of an application for asylum, any action for removal."**13** Momeni has not sought asylum from Germany. That, basically, is the end of the case.

In *Freeman*, the alien married the United States citizen before entering the Visa Waiver Program and sought an adjustment of status within the 90 days she could stay. But she was thwarted from adjusting her status by the subsequent death of her husband in a car accident, shortly before their first wedding anniversary. We noted that there are "likely to be a small percentage of VWP entrants in Mrs. Freeman's position,"**14** a very sympathetic one, and held that in that case the adjustment of status statute superseded the no contest provision.**15**

**[3]** None of the relevant circumstances of *Freeman* pertain here. Freeman married before the 90 days expired (and before the particular trip to the United States), whereas Momeni married after his 90 days expired; Freeman applied for adjustment of status during the 90 days, whereas Momeni applied after the 90 days expired. These distinctions disqualify Momeni from circumventing the Visa Waiver Program's no contest clause by means of adjustment of status.

We characterized this no contest clause in *Handa v. Clark***16** as "the linchpin of the [Visa Waiver] program, which assures that a person who comes here with a VWP visa will leave on time and will not raise a host of legal and factual claims to impede removal if he overstays."**17** Freeman was an exception because she was eligible to adjust her status at time she arrived, under 8 U.S.C. § 1254, she applied within her 90

---

**13**8 U.S.C. § 1187(b).

**14***Freeman*, 444 F.3d at 1036 n.9.

**15***Id.* at 1037.

**16**401 F.3d 1129 (9th Cir. 2005).

**17***Handa v. Clark*, 401 F.3d 1129, 1135 (9th Cir. 2005).

days, and she would have obtained her adjustment of status but for her husband's death. Momeni, though, doesn't fall within this narrow exception.

[4] If a Visa Waiver Program entrant does not leave when the 90 days expires, life in the United States goes on. It may go on for many years before the alien comes to the government's attention. There are legal means by which aliens may marry United States citizens, obtain visas, and obtain adjustment of status, but overstaying the 90 days for tourists in the Visa Waiver Program is not among them. If it were, our comment in *Freeman* that there are "likely to be a small percentage of VWP entrants in Mrs. Freeman's position"[18] would not be correct.

We agree with the Tenth Circuit in *Schmitt v. Maurer*,[19] that to allow an adjustment of status petition after the 90 days has expired would create an avoidable conflict between the adjustment of status statute and the no contest statute. Where an appellate court can construe two statutes so that they conflict, or so that they can be reconciled and both can be applied, it is obliged to reconcile them.[20] An alien who comes to the United States under the Visa Waiver Program generally cannot avoid his or her waiver of the right to contest removal (other than on the basis of asylum). *Freeman* is a narrow exception to the rule, but Momeni doesn't fall within this exception

AFFIRMED.

---

[18]*Freeman*, 444 F.3d at 1036 n.9.

[19]451 F.3d 1092 (10th Cir. 2006).

[20]*See, e.g.*, *Cal. ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1012 (9th Cir. 2000) ("Of course, it is a well established axiom of statutory construction that, whenever possible, a court should interpret two seemingly inconsistent statutes to avoid a potential conflict.").