**NOT FOR PUBLICATION**[*]

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMTIN GHAFARIAN DEHKORDI, | No. 08-70275 |
| Petitioner,<br>v. | Agency No. A070-280-399 |
| ERIC H. HOLDER, JR., | MEMORANDUM |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2010[**]
San Francisco, California

Before: GOULD and CALLAHAN, Circuit Judges, and KORMAN,[***] District Judge.

Ramtin Ghafarian Dehkordi, who entered the country under the Visa Waiver

Pilot Program, petitions for review of the Board of Immigration Appeals' ("BIA")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

1

order affirming the Immigration Judge's order denying his motion to reopen. The Immigration Judge deemed Dehkordi's applications for asylum, withholding of removal, and relief under the Convention Against Torture to have been abandoned, and accordingly denied them, because Dehkordi failed to appear for the master calendar hearing. Dehkordi filed a motion to reopen proceedings, claiming that he had not received notice of the hearing because he changed residences and the Immigration Court sent the notice to his former residence. The Immigration Judge denied the motion, finding that Dehkordi was properly charged with constructive notice of the hearing because the Immigration Court mailed the notice of hearing to Dehkordi's address of record.

Dehkordi concedes that he failed to notify the Immigration Court of his new address. But he argues that the Immigration Court failed to notify him adequately that he was obligated to report his new address to the Immigration Court. Specifically, the Form I-863 that he received included the following instruction: "In the event of your release from custody, you must immediately report any change of address to the Immigration Court on Form EOIR-33 . . . ." Dehkordi argues that this instruction failed to provide adequate notice because it seems to require address-change reporting to the Immigration Court on Form EOIR-33 only "[i]n the event of [the alien's] release from custody." Yet Dehkordi has never been in or released from custody.

Thus, Dehkordi argues, he was not adequately notified that this obligation applied to him.

## I.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's order only if a final order of removal was entered by the Immigration Judge. *See Alcala v. Holder*, 563 F.3d 1009, 1013 (9th Cir. 2009). Although there are conflicting indications in the record regarding whether an *in absentia* removal order was entered below, the denial of an asylum application in a Visa Waiver Program proceeding before an Immigration Judge "is the functional equivalent of a removal order," *Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006), because no other relief from removal is available to a Visa Waiver Program participant whose period of authorized stay has expired. *See Mitondo v. Mukasey*, 523 F.3d 784, 787 (7th Cir. 2008); *Shehu v. Att'y Gen. of U.S.*, 482 F.3d 652, 656 (3d Cir. 2007); *Nreka v. U.S. Att'y Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005). The denial of the motion to reopen asylum-only proceedings in which the asylum application was denied is therefore reviewable under 8 U.S.C. § 1252(a).

We review the BIA's dismissal of Dehkordi's appeal for abuse of discretion. *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). The BIA abused its discretion only if it acted "arbitrarily, irrationally, or contrary to law." *Id.* We review

3

both the legal determinations of the BIA and the claim of a due process violation *de novo*. *See Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir. 2003).

**II.**

The asylum applications of aliens who fail to appear for their asylum-only hearing must be denied. 8 C.F.R. § 1208.2(c)(3)(ii). But aliens may move to reopen proceedings if they "did not receive the notice" of the hearing date. *Id.* at § 1208.2(c)(3)(ii)(A). Except as otherwise specified in 8 C.F.R. § 1208.2, the rules of procedure that apply to removal proceedings also apply to these asylum-only proceedings. 8 C.F.R. § 1208.2(c)(3)(i). Under these rules, aliens are deemed to have received a hearing notice if the Immigration Court mails it to the alien's address of record, provided the alien has previously been advised in writing of his or her obligation to report any address change to the Immigration Court. *See* 8 U.S.C. § 1229 (a)(1)(F)(ii), (c). Here, Dehkordi claims that he did not receive constructive notice of the hearing because the Form I-863 was confusing. We agree.

The notice contained in the Form I-863 can be understood to mean that an alien must notify the Immigration Court of a change of address on Form EOIR-33 *only if* the alien is released from custody. Yet there is no dispute that Dehkordi was never in or released from custody. Consequently, Dehkordi may not be charged with constructive notice of the hearing.

4

Our holding in this case is consistent with *Singh v. Ashcroft*, 362 F.3d 1164 (9th Cir. 2004), which held that another address-reporting instruction in an immigration form that was similarly expressed in a conditional statement failed to provide adequate notice of the alien's address-reporting obligation. Our decision in *Popa v. Holder*, 571 F.3d 890 (9th Cir. 2009), is not inconsistent. There, the alien misconstrued multiple provisions explaining the address-reporting requirement, whereas here, the Form I-863 contained a single instruction nested in a misleading conditional statement concerning the alien's release from custody.

In sum, the BIA abused its discretion in dismissing Dehkordi's appeal of the Immigration Judge's denial of his motion to reopen because, under the circumstances, Dehkordi did not receive adequate notice of the hearing, *see* 8 C.F.R. § 1208.2(c)(3)(ii)(A), and proceeding against him *in absentia* thus violated his right to due process, *see Andia v. Ashcroft*, 359 F.3d 1181, 1184–85 (9th Cir. 2004) (per curiam).

## III.

Dehkordi appealed the BIA's conclusion that "even if the instant proceedings were reopened, the Immigration Judge would not have jurisdiction to entertain an application for adjustment of status." We agree with the BIA.

Visa Waiver Program participants are "allowed to seek adjustment of their

status by filing an immediate relative petition." *Freeman v. Gonzales*, 444 F.3d 1031, 1033 n.1 (9th Cir. 2006) (citing 8 U.S.C. §§ 1187, 1255(c)(4)). But any such application for adjustment of status must be filed within the 90-day period of authorized stay. *See Momeni v. Chertoff*, 521 F.3d 1094, 1096 (9th Cir. 2008). Although Dehkordi claims that he might be eligible for adjustment of status based upon a once-anticipated marriage to a U.S. citizen and/or an allegedly-approved immediate-relative application, he has not even argued that he applied for adjustment of status within the 90-day period of his authorized stay. Consequently, Dehkordi is ineligible to seek adjustment of status on the basis of an immediate-relative application. *See id.* at 1096–97.

## CONCLUSION

For the foregoing reasons, Dehkordi's petition for review is **GRANTED** in part and **DENIED** in part, and the matter is **REMANDED** to the BIA for further proceedings consistent with this order.