FILED

**NOT FOR PUBLICATION**

OCT 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURIZIO CRIPPA, | Nos. 11-70500, 11-72027 |
| Petitioner, | Agency No. A201-172-184 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General of the United States, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of an Order of the
United States Citizenship and Immigration Services and an Order of the United
States Immigration and Customs Enforcement

Argued and Submitted October 9, 2014
Pasadena, California

Before:  HAWKINS and GRABER, Circuit Judges, and SEDWICK,[**] District Judge.

Maurizio Crippa entered the United States under the Visa Waiver Program ("VWP").  Under the terms of the VWP Crippa was admitted into the country for ninety days without being required to obtain a visa.  In exchange for this expedient

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The Honorable John W. Sedwick, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

entry Crippa signed a waiver of his right to contest any action for removal other than through an asylum claim. 8 U.S.C. § 1187(b)(2). He overstayed his ninety-day admission by several years and was ordered removed. While in custody he applied for an adjustment of status to that of a lawful permanent resident. His application was denied.

Before the court are Crippa's two consolidated petitions for review. One is a petition for review of the denial of his status-adjustment application (No. 11-72027). We lack jurisdiction over this petition because it does not challenge a final removal order.[1] In addition, judicial review of status-adjustment denials is "expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(i)," *Hassan v. Chertoff*, 593

---

[1]Crippa relies on *Morales-Izquierdo v. Department of Homeland Security*, 600 F.3d 1076 (9th Cir. 2010), to argue that we have jurisdiction over his challenge to the status-adjustment denial because that decision is "inextricably linked" to his final removal order. *Morales-Izquierdo* is distinguishable. In *Morales-Izquierdo*, the petitioner's Reinstatement Order barred him from seeking to adjust his status pursuant to 8 U.S.C. § 1231(a)(5). *Morales-Izquierdo,* 600 F.3d at 1080–81. We held that the petitioner's challenge to the status-adjustment denial was "inextricably linked" to a challenge to a final removal order because the petitioner could not "challenge *only* the denial of his adjustment-of-status application without also impugning the Reinstatement Order." *Id*. at 1082–83 (emphasis in original). Here, Crippa's application for a status adjustment was not denied because of the removal order. Because Crippa need not impugn the removal order to challenge the status-adjustment denial, his challenge to the status-adjustment denial is not properly construed as a challenge to a final removal order.

F.3d 785, 788–89 (9th Cir. 2010), and there is no colorable claim of constitutional or legal error. 8 U.S.C. § 1252(a)(2)(D).

The other is a petition for review of the final removal order (No. 11-70500). Although we have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a), the VWP's "no contest" clause prohibits Crippa from challenging removal other than through an asylum claim or a claim that he "is not at all subject to the VWP regime." *Bingham v. Holder*, 637 F.3d 1040, 1043 (9th Cir. 2011); *see also Momeni v. Chertoff*, 521 F.3d 1094, 1096–97 (9th Cir. 2008) (holding that an alien cannot avoid waiver of the right to contest removal by seeking adjustment of status after the ninety-day period has run).

Crippa does not seek asylum. But he does argue that he is not subject to the VWP regime. Although Crippa does not dispute that he filled out the VWP waiver form completely and signed it, he argues that his waiver violates due process because the waiver form was written in Spanish, a language he did not understand. This argument fails. Even if Crippa's waiver had been unknowing or involuntary, he is unable to show prejudice. *Bingham*, 637 F.3d at 1047 (quoting *Bayo v. Napolitano*, 593 F.3d 495, 506 (7th Cir. 2010) (en banc)).

We do not find any of the other claims advanced by Crippa to have merit.

Petition No. 11-72027 is DISMISSED for lack of jurisdiction. Petition No.

11-70500 is DENIED.