

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN KRISTOFFER LARSGARD, | No.   19-72851 |
| Petitioner, | Agency No. A205-039-932 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021[**]
Phoenix, Arizona

Before:  W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

John Larsgard, a native and citizen of Norway, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") dismissing his appeal of

the Immigration Judge's ("IJ") denial of his application for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and the petition is dismissed in part and denied in part.

1. Petitioner was properly placed in asylum-only proceedings.  Petitioner entered the United States on December 20, 2010, under the Visa Waiver Program ("VWP").  He later received a B1 visa.  The VWP allows tourists to enter the United States without visas "for 90 days or less" from designated countries.  8 U.S.C. § 1187(a).  However, as a condition of entry, tourists waive "any right . . . to contest, other than on the basis of an application for asylum, any action for removal."  *Id.* § 1187(b); *see also Momeni v. Chertoff*, 521 F.3d 1094, 1096 (9th Cir. 2008).  Petitioner applied for the B1 visa more than 90 days after he was admitted to the United States under the VWP.  *Cf. Freeman v. Gonzales*, 444 F.3d 1031, 1036–37 (9th Cir. 2006).   A visa thus procured does not allow Petitioner to escape the asylum-only provisions of the VWP.

2.  We lack jurisdiction to consider the agency's denial of asylum and withholding of removal.  The IJ denied Petitioner's application for asylum and withholding of removal on the ground that Petitioner had been convicted of a Particularly Serious Crime ("PSC").  Before the BIA, Petitioner did not challenge

the IJ's finding that his prior convictions qualified as PSCs. Rather, he only challenged the finality of his convictions for immigration purposes.

In this appeal, Petitioner does not challenge the BIA's determination that his convictions are final for immigration purposes, nor does he contend that he was not convicted of a PSC. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief). We therefore dismiss Petitioner's challenge to the BIA's denial of asylum and withholding of removal for lack of jurisdiction. *See* 8 U.S.C. § 1252(d)(1).

3. We review denials of CAT relief for "substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (quotation marks and citation omitted). Petitioner is entitled to relief under CAT if "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

Substantial evidence supports the agency's CAT determination. First, there is no evidence that Petitioner was tortured in the past or reasonably could expect to be tortured in the future. Second, Petitioner could relocate to avoid harm. The

record thus does not compel the conclusion that Petitioner will "more likely than not" face torture upon removal to Norway.[1]

**DISMISSED IN PART; DENIED IN PART.**

---

[1]Petitioner's Motion for Stay of Removal [DE 5] is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.