**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELDIS GJIKANI, AKA Alberto Cappi, | No.   19-71880 |
| Petitioner, | Agency No. A088-476-325 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2021[**]
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Petitioner Eldis Gjikani (Gjikani), a citizen of Albania, petitions for review

of the decision of the Board of Immigration Appeals (BIA) denying his motion to

reopen removal proceedings.  "We review the [BIA's] denial of a motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion, but review purely legal questions de novo. . . ." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016), *as amended* (citation omitted).

The Visa Waiver Program (VWP) allows entrants who are nationals of participating countries to enter the United States without a visa "for a period not exceeding 90 days." 8 U.S.C. § 1187(a)(1)-(2). Admission under the VWP is subject to restrictions, including a waiver of certain rights. *See* 8 U.S.C. § 1187(b). Specifically, the entrant waives any right "to contest, other than on the basis of an application for asylum, any action for removal of the [entrant]." 8 U.S.C. § 1187(b)(2); *see also Momeni v. Chertoff*, 521 F.3d 1094, 1096 (9th Cir. 2008). Even though he entered the United States using a fraudulent Italian passport, Gjikani was nevertheless bound by the waiver provisions of the VWP. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1080 (9th Cir. 2016).

We reject Gjikani's contention that absent production of his signed Form I-94W, the government cannot carry its burden of establishing that he was admitted under the VWP. Gjikani admitted entering the United States under the VWP using a fraudulent passport. Consistent with this admission, the stamped "departure portion" of Gjikani's Form I-94W is in the record. The record also contains Gjikani's application for asylum that lists his VWP status. Finally, an entrant's failure to execute the waiver of rights contained in the Form I-94W necessarily

2

precludes that individual from entry into the country. *See* 8 CFR 217.4 (a)(1); *see also Bingham v. Holder*, 637 F.3d 1040, 1047 (9th Cir. 2011) ("If he had refused to sign the waiver [in the form I-94W] authorities would not have permitted entry."). And because "agencies are entitled to a presumption that they act properly and according to law," we presume that the Department of Homeland Security admitted Gjikani under the VWP only after collecting the top portion of his completed I-94W form, including his signed waiver, especially since Gjikani adduced no evidence that the Department admitted him in violation of its own regulations. *Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) (citation and internal quotation marks omitted).

Because the BIA's application of the VWP was supported by substantial evidence in the record, Gjikani fails to demonstrate that the BIA based its decision to deny sua sponte reopening on an incorrect legal premise. *See Lona v. Barr*, 958 F.3d 1225, 1238 (9th Cir. 2020). Therefore, we deny the petition.[1]

**PETITION DENIED.**

---

[1] Because we determine that the BIA did not base its decision to deny sua sponte reopening on an incorrect legal premise, we need not address the government's argument that Gjikani waived review by failing to raise this issue in his initial petition for review.