NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VEENABEN DHIRUBHAI PATEL; AJAY RAMABHAI PATEL, <br><br> Petitioners-Appellants, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General; ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security; PATRICK J. LECHLEITNER, Acting Director, U.S. Immigration and Customs Enforcement; ALBERT CARTER, Arizona Field Office Director, U.S. Immigration and Customs Enforcement; UR M. JADDOU, Director, U.S. Citizenship and Immigration Services; JOHN RAMIREZ, Arizona Field Office Director, U.S. Citizenship and Immigration Services; CHUCK KEETON, Warden of the La Palma Correctional Center; FRED FIGUEROA, Warden of the Eloy Detention Center; CESAR TOPETE, Assistant Phoenix Field Office Director, US Immigration and Customs Enforcement; JASON CILIBERTI, Assistant Phoenix Field Office Director, US Immigration and Customs Enforcement, <br><br> Respondents-Appellees. | No. 21-17024 <br><br> D.C. No. 2:20-cv-00229-DLR <br><br> MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted May 18, 2023
Phoenix, Arizona

Before: NGUYEN and COLLINS, Circuit Judges, and KORMAN,** District Judge.

Veenaben and Ajay Patel ("Patels") are citizens of the United Kingdom. They appeal the district court's partial dismissal of their petition for a writ of habeas corpus for lack of jurisdiction and partial denial of their claims on the merits.

The Patels entered the United States under the Visa Waiver Program ("VWP") in 1994, which allows citizens of designated countries to enter the United States as tourists without visas and to remain for up to 90 days. The Patels overstayed their visa authorization and, in 2008, applied for immigration relief. An immigration judge ("IJ") denied relief. Immigration and Customs Enforcement ("ICE") entered administrative orders of removal against the Patels with orders of supervision, under which the Patels were able to obtain temporary authorization to work in the United States pending their removal. The Board of Immigration Appeals ("BIA") dismissed their appeal in 2012.

---

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2

In 2017, ICE issued warrants for the Patels' removal. The Patels filed applications for adjustment of status, once their U.S. citizen son turned twenty-one. In September 2019, U.S. Citizenship and Immigration Services ("USCIS") denied their applications. USCIS cited ICE's administrative removal orders as "a very significant adverse factor" weighing "heavily against the approval" of the adjustment applications, based on a policy memorandum directing USCIS to "interpret the entry of [a removal order by ICE] as the Secretary exercising his or her discretion not to adjust the status of that individual."[1]

The Patels re-filed applications for adjustment of status, this time accompanied by Form I-212 (Application for Permission to Reapply for Admission into the United States after Deportation or Removal) waivers, hoping that together with provisional unlawful presence waivers (Form I-601A), they could overcome the "significant adverse factor" posed by the administrative removal orders which the USCIS decision cited.

In early 2020, the Patels were taken into immigration custody, but they were later released. *See Patel v. Barr*, No. 20-cv-00709-PHX-DLR(DMF), 2020 WL 13348902, at *3 (D. Ariz. June 30, 2020); 8 C.F.R. § 241.5.

---

[1] USCIS Policy Memorandum, Adjudication of Adjustment of Status Applications for Individuals Admitted to the United States Under the Visa Waiver Program (PM-602-0093) (Nov. 14, 2013), https://www.uscis.gov/sites/default/files/document/memos/2013-1114_AOS_VWP_Entrants_PM_Effective.pdf.

In January 2020, the Patels filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking injunctive and declaratory relief. The district court dismissed most of the Patels' claims for lack of jurisdiction and found no violation of the Suspension Clause.

We review de novo denials of writs of habeas corpus, *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006), dismissals for lack of jurisdiction, *Papa v. United States*, 281 F.3d 1004, 1008–09 (9th Cir. 2002), and questions of constitutional law, *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1129 (9th Cir. 2021). We "may affirm the district court on any basis fairly supported by the record." *Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 530 n.1 (9th Cir. 1986). We affirm.

1. Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."[2] The "discretion to decide *whether* to execute a removal order includes the discretion to decide *when* to do it." *Rauda v. Jennings*, 55 F.4th 773, 777 (9th Cir. 2022) (quoting *Tazu v. Att'y Gen.*

---

[2] Although the statute refers only "to the 'Attorney General,' many of the relevant functions have been transferred to DHS [*i.e.*, the Department of Homeland Security], and to that extent the reference to the Attorney General would be understood as a reference to DHS." *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1154 n.6 (9th Cir. 2022) (citing 6 U.S.C. § 557).

*U.S.*, 975 F.3d 292, 297 (3d Cir. 2020)).  Similarly, a "claim that the Attorney

General should have exercised discretion to delay" removal is barred under

§ 1252(g).  *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018).  The decision

whether and when to remove noncitizens subject to valid removal orders who have

applied for provisional unlawful presence waivers is entirely within DHS's

discretion.  8 C.F.R. § 212.7(e)(2)(i); *see also* Provisional Unlawful Presence

Waivers of Inadmissibility for Certain Immediate Relatives, 78 Fed. Reg. 536, 536,

555 (Jan. 3, 2013).

    The Patels seek to postpone removal: their complaint before the district court

requests the government be enjoined from removing the Patels "until their

[adjustment of status] applications . . . have been fully and finally adjudicated."[3]

---

[3] The Patels contend that their challenge to the policy memorandum and their request that the government be ordered "to adjudicate Petitioners' applications in an unbiased, fair manner" are sufficiently separate from a decision to "commence proceedings, adjudicate cases, or execute removal orders," and therefore should not be deemed to be barred by § 1252(g).  We need not resolve this issue.  Even assuming that the Patels are correct, these claims are barred by the no-contest clause of the VWP, which provides a threshold non-merits ground preventing our review.  *See Momeni v. Chertoff*, 521 F.3d 1094, 1096–97 (9th Cir. 2008) (assuming jurisdiction and holding that VWP entrant's claims failed on the threshold ground that he could not avoid his "waiver of the right to contest removal (other than on the basis of asylum)" by filing an application for adjustment of status); *see also Bingham v. Holder*, 637 F.3d 1040, 1045 (9th Cir. 2011) (rejecting VWP entrant's argument that the no-contest clause was ambiguous as to whether it prevents applying "for forms of affirmative relief from removal"); *see generally Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005) (holding that "threshold grounds for

Because the Patels challenge "whether" and "when," *Rauda*, 55 F.4th at 777 (emphasis omitted), a valid order of removal is executed, § 1252(g) bars our jurisdiction.

2. The Suspension Clause provides that the "Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1968–69 (2020) (quoting U. S. Const. art. I, § 9, cl. 2). The writ of habeas corpus is a "critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). The Patels claim that, to the extent that § 1252(g) bars jurisdiction here, it is an unconstitutional suspension of the writ. We need not decide this question. As in *Momeni*, we conclude that, even if we had jurisdiction on this theory, we are nonetheless barred from reaching the merits of the Patels' claims because they have waived their rights to contest any attempt to enforce the order of removal under the no-contest clause of the VWP. *See Bingham*, 637 F.3d at 1042 (noting VWP entrants waive their right "to contest, other than on the basis of an application for asylum, any action for removal of the alien") (quoting 8 U.S.C.

---

denying audience to a case on the merits" may be decided before jurisdiction (citation omitted)).

§ 1187(b)); *Momeni*, 521 F.3d at 1095–96 (assuming jurisdiction exists, even though the district court "correctly ruled that it did not have jurisdiction," and finding the VWP entrant's claims failed due to the no-contest clause, thus "avoid[ing]" the Suspension Clause argument); *see also supra* n.3. Put another way, habeas relief—to the extent it otherwise might have been available here, a question we need not decide—is limited not by "national[] action," *Gasquet v. Lapeyre*, 242 U.S. 367, 369 (1917), but by the Patels' waiver. *See Bingham*, 637 F.3d at 1046 (in the context of constitutional due process rights, assuming VWP entrant enjoys due process protections and holding the VWP nonetheless does not "impermissibly condition[] the privilege of being admitted to the United States on a waiver of constitutional due process").

**AFFIRMED.**[4]

---

[4] The Patels' motion to supplement the record or to take judicial notice in the alternative (Dkt. 46) is denied as moot.